UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MAURICE ALLEN** | : | Case No. 1:02cv492 |
| | : | |
| Plaintiff, | : | Judge Speigel |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | |
| **DEERFIELD MANUFACTURING** | : | |
| **INCORPORATED, A SUBSIDIARY** | : | |
| **OF ICE INDUSTRIES** | : | **AFFIDAVIT OF MAURICE ALLEN** |
| | : | |
| **Defendant.** | : | |

1. I am Maurice Allen, the plaintiff.

2. I am African American.

3. I was employed by Deerfield Manufacturing Company ("Deerfield Co.") from September of 1996 until January 31, 2002. I worked as an operator for about three years and then as a forklift driver.

4. On August 15, 2001, I was injured in an accident that occurred in the parking lot at work. I was in my car and was given a signal to pull out of the parking space by a coworker who apparently thought a truck was waiting for me to exit. The truck driver did not see me and backed into my car, pushing it in the direction of another truck. The driver did not hear as I honked my horn. I had to get out of the car before it was sandwiched between the two trucks.

5. As a result of the accident, I injured my wrist, neck and back. I was told by Janet Freeman, the Human Resource Director, not to apply for Workers' Compensation benefits, so I initially asked for short term disability benefits. I later learned that this was a claim that should have been filed under Workers Compensation. I filed a claim. Ms. Freeman was disturbed by this and

told me that the she would "fight the claim 100%." She did contest the claim, but I was awarded benefits. Copies of the decisions are attached as Exhibit 1.

6. I had surgery on my wrist on November 2, 2001.

7. On about January 22, 2002, I saw Venita Watson, a co-worker at the Kroeger store in Norwood. I was still on leave for my workers compensation injury. Ms. Watson told me that Deerfield Co. had been sold and that all employees were in the process of filling out applications for "Deerfield Inc.", the new employer. I was not surprised to hear this because I had previously heard some discussion about a possible sale. Ms. Watson also told me there was a deadline and that I needed to fill out an application. Ms. Watson offered to bring me a packet for employees who wanted to apply.

8. As a result of my conversation with Ms. Watts, I tried to reach Janet Freeman the very next day. She was not available but did call me back on January 24, 2002. At that time, I told her that I was aware that there was a buyer for the company and that there was deadline to submit an application for the new owner. Ms. Freeman told me that there was no need to fill out an application that day because she had received my doctor's note dated January 23, 2002 releasing me to work on February 4, 2002. She told me I could fill out an application on February 4, 2002, since that was the date the doctor was releasing me without restrictions, and stated that she would see me then.

9. On January 30, 2002, Ms. Freeman sent me a letter telling me that my employment with Deerfield Co. had ended as of midnight on January 31, 2002. I received the letter on February 1, 2002. A copy is attached as Exhibit 2. I did not believe the letter would have any effect on my employment with Deerfield Inc. Ms. Freeman had already told me I needed to complete an application for the Deerfield Inc. and I planned on doing so on February 4, 2002.

10. As I had discussed with Ms. Freeman, I went to the plant on the morning of February 4, 2002 to fill out an application. Since I had been an employee in the past, I parked in the employee lot and entered through the employee door. Ms. Freeman was waiting in the lobby near the time clock. She asked me if I received her letter. I told that I had. She told me I was not supposed to be in the plant. I told her that I was there to fill out a new hire packet. She told me that the new owner decided not to hire me and that I had to leave the premises. When I asked why I was not being hired, Ms. Freeman said she did not know, and that it was the new owner's decision. I told Ms. Freeman that I needed to get my boots which had been left in the locker room since my injury in August of 2001. She escorted me to the locker room. Ms. Freeman never said anything about filling out an application on February 4, 2002 or indicated that I could do so. As I left the building, Ms. Freeman said "Good luck in whatever you do" and told me that I could go to the unemployment office and file for benefits.

11. I left Deerfield and immediately went to the Equal Employment Opportunity Commission to see about filing a discrimination charge. I also went to the unemployment office that day and filed my application for unemployment benefits. To my knowledge, neither Deerfield Co. nor Deerfield Inc. ever opposed the claim on the basis that I rejected available work or that I was unemployed through my own fault by failing to submit an application. A copy of the determination is attached as Exhibit 3.

12. After my injury in August of 2001, I repeatedly attempted to return to work on a light duty basis and my doctors would have allowed me to do so. (See notes attached as Exhibit 4). Ms. Freeman would never let me do so, and told me several times that I could not return to work until I was "100% healed and did not have any restrictions.

Further affiant saith naught.

*Maurice B. Allen*
Maurice Allen

Sworn to and subscribed in my presence this 5th day of December, 2003.

*David Torchia*
Notary Public, State of Ohio

DAVID TORCHIA
Notary Public - State of Ohio
My Comm. has no expiration date



**GOVERNOR'S HILL SERVICE OFFICE**
8500 GOVERNORS HILL DR STE 400
CINCINNATI OH 45249-1389

# BWC ORDER

10/17/2001
Date Mailed

MAURICE B ALLEN
3018 WOODBURN AVE
CINCINNATI OH 45206-1416

```
Injured Worker: MAURICE B ALLEN
Claim Number:   01-850533              Employer's Name: DEERFIELD MFG CO
Injury Date:    08/15/2001             Policy Number:   184143-0
Claim Type:     Lost Time              Employer Status: COVERED
```

The following decision was made by the Bureau of Workers' Compensation (BWC).

On 09/24/2001 the injured worker filed an Application for Payment of Compensation and Medical Benefits with the following injury description:

while in the parking lot a truck backed up into my car causing me to be injured.

The application is denied for:

```
ICD      Description                              Body Location    Part of Body
842.00   SPRAIN OF WRIST NOS                      RIGHT
847.2    SPRAIN LUMBAR REGION
847.0    SPRAIN OF NECK
```

The employee did not sustain an injury in the course of and arising out of employment. The employee was going to or coming from work.

The employee has not met his or her burden of proof. The requested information has not been provided.

The claimant has not provided ANY medical documentation that confirms that there was an injury. Further, the claimant was off the clock and was on his way home for the day.

Per employer policy the parking lot and all safety issues are the responsibility of each individual employee.

This decision is based on:
information available in the claim file.

BWC law requires a 14-day period for the injured worker or employer to appeal this order. However, if the injured worker and employer agree with this decision, the 14-day appeal period may be waived by both parties submitting a waiver in writing to the listed BWC customer service office.

If the injured worker or the employer disagrees with this decision, either may file an appeal within 14-days of receipt of this order. Appeals should be filed at the following Industrial Commission (IC) Office:

IC CINCINNATI REGIONAL OFFICE
125 EAST COURT ST. SUITE 600
CINCINNATI OH 45202-1211

IF AN APPEAL IS NOT RECEIVED WITHIN 14-DAYS, THIS DECISION IS FINAL.

If there are any questions concerning this claim, contact the claims service specialist at the listed BWC customer service office. However, a telephone call or other correspondence does not alter the need to file an appeal. Therefore,

**BWC ORDER**
BWC Use Only
25/02/05

EXHIBIT 1



# BWC ORDER

if you are not satisfied with this order, you must file an appeal within 14-days of receipt of this order.

DAREN B
GOVERNOR'S HILL SERVICE OFFICE
8500 GOVERNORS HILL DR STE 400
CINCINNATI OH 45249-1389

Team Number:    02
Phone Number:   (513) 583-4519
Fax Number:     (513) 583-4827

CC:
DEERFIELD MFG CO
YOUNG, REVERMAN & NAPIER CO LPA
COMPMANAGEMENT, INC.

**BWC ORDER**

2



BWC Use Only
25/02/05

## The Industrial Commission of Ohio
# RECORD OF PROCEEDINGS

Claim Number:  01-850533  
                   LT-ACC-OSIF-COV  
PCN:  2013041  Maurice B. Allen

Claims Heard:  01-850533  
              00-358727   - Ref

MAURICE B. ALLEN  
3018 WOODBURN AVE  
CINCINNATI OH 45206-1416

Date of Injury:  8/15/2001

Risk Number:  184143-0  
Manual Number:

This claim has been previously disallowed.

This matter was heard on 11/30/2001, before District Hearing Officer Norman W. Litts, Jr., pursuant to the provisions of Ohio Revised Code Section 4121.34 and 4123.511 on the following:

Appeal, filed by Claimant on 10/23/2001, from the order of the Administrator dated 10/17/2001;  
Issue:  1) Injury Or Occupational Disease Allowance.

Notices were mailed to the Claimant, the Employer, their respective representatives and the Administrator of the Bureau of Workers' Compensation not less than 14 days prior to this date, and the following were present at the hearing:

APPEARANCE FOR THE CLAIMANT:  CLAIMANT; FARRELL  
APPEARANCE FOR THE EMPLOYER:  N/A  
APPEARANCE FOR THE ADMINISTRATOR:  N/A

The order of the Administrator, dated 10/17/2001, is vacated.

It is the order of the District Hearing Officer that the FROI-1 First Report Of An Injury, Occupational Disease Or Death, filed 09/24/2001, is granted.

It is the finding of the District Hearing Officer that the Claimant sustained an injury in the course of and arising out of employment when the Claimant was involved in a motor vehicle accident.

It is therefore ordered that this claim be allowed for:  CERVICAL SPRAIN; THORACIC SPRAIN; RIGHT WRIST SPRAIN.

The District Hearing Officer finds that the Claimant was unable to return to and perform the duties of his former position of employment as a laborer for the period from 08/16/2001 to 10/01/2001 as a result of the allowed conditions in this claim.

This claim has been previously disallowed

This matter was heard on 11/30/2001, before District Hearing Officer Norman W. Litts, Jr., pursuant to the provisions of Ohio Revised Code Section 4121.34 and 4123.511 on the following:

Appeal, filed by Claimant on 10/23/2001, from the order of the Administrator dated 10/17/2001;
Issue:   1) Injury Or Occupational Disease Allowance.

Notices were mailed to the Claimant, the Employer, their respective representatives and the Administrator of the Bureau of Workers' Compensation not less than 14 days prior to this date, and the following were present at the hearing:

APPEARANCE FOR THE CLAIMANT:   CLAIMANT; FARRELL
APPEARANCE FOR THE EMPLOYER:   N/A
APPEARANCE FOR THE ADMINISTRATOR:   N/A

The order of the Administrator, dated 10/17/2001, is vacated.

It is the order of the District Hearing Officer that the FROI-1 First Report Of An Injury, Occupational Disease Or Death, filed 09/24/2001, is granted.

It is the finding of the District Hearing Officer that the Claimant sustained an injury in the course of and arising out of employment when the Claimant was involved in a motor vehicle accident.

It is therefore ordered that this claim be allowed for:   CERVICAL SPRAIN; THORACIC SPRAIN; RIGHT WRIST SPRAIN.

The District Hearing Officer finds that the Claimant was unable to return to and perform the duties of his former position of employment as a laborer for the period from 08/16/2001 to 10/01/2001 as a result of the allowed conditions in this claim.

Therefore, Temporary Total Disability Compensation is to be paid for said period, less sickness and accident benefits received.

It is the order of the District Hearing Officer that further Temporary Total Disability Compensation is to be paid upon submission of medical evidence which documents the Claimant's (continued) inability to return to and perform the duties of his former position of employment as a result of the allowed conditions in this claim.

The Industrial Commission of Ohio

# RECORD OF PROCEEDINGS

Claim Number:  01-850533

All evidence on file was reviewed.

This order is based on the reports of Good Samaritan Hospital, Dr. Wilson and <u>Griffin</u> v. <u>Hydra-Matic Division, General Motors Corp.</u> (1988), 39 Ohio St.3d 79.

A VALIDLY EXECUTED POA IS ON FILE FOR THE ABOVE LISTED CLAIMANT.

An Appeal (IC-12) from this order may be filed within 14 days of the receipt of the order.  The Appeal should be sent to the Industrial Commission of Ohio, Cincinnati District Office, 125 East Court Street, Suite 600 - Sixth Floor, Cincinnati, Ohio  45202-1212.

Typed By:  DMS
Date Typed:  11/30/2001
Date Received:  10/25/2001
Findings Mailed:  11/30/2001

Norman W. Litts, Jr.
District Hearing Officer

Signed copy contained in claim file.

The parties and representatives listed below have been sent this record of proceedings.  If you are not an authorized representative of either the claimant or employer, please notify the Industrial Commission.

01-850533
Maurice B. Allen
3018 Woodburn Ave
Cincinnati OH 45206-1416

Risk No:  184143-0
Deerfield Mfg Co
320 N Mason Montgomery Rd
Mason OH 45040

ID No:  11394-90
Young, Reverman & Mazzei Co., LPA
1014 Vine St. #2400
Cincinnati OH 45202

ID No:  900-80
***Compmanagement, Inc.***
P.O. Box 884
Dublin OH 43017-6884

ID No:  21669-91
***Knisley Law Office***
1390 Dublin Rd
Columbus OH 43215

BWC, LAW DIRECTOR



- STAMPINGS
- DRAWN PARTS
- ASSEMBLIES

THE **Deerfield**
MANUFACTURING COMPANY

- TOOLS -- DIES
- JIGS -- FIXTURES

320 N. MASON MONTGOMERY RD. • MASON, OHIO 45040 • TELEPHONE (513) 398-2010 • FAX (513) 398-2014

January 30, 2002

Maurice Allen
3018 Woodburn Ave.
Cincinnati, Ohio 45206

Dear Maurice,

    The Deerfield Manufacturing Company has been sold, effective date is January 31, 2002. As the Company will no longer exist, all benefits will cease. Your employment will cease as of January 31, 2002. You are currently on a Worker's Compenstion Leave and receiving benefits through that program. You will have the option to pick up Health Insurance through C.O.B.R.A., that information is enclosed. Your Life and A.D.&D. Insurance will cease as of January 31, 2002. In the near future you will be receiving information through the mail concerning the Pension Plan.

    I wish you success in your future endeavors. Should you have any questions concerning C.O.B.R.A., please feel free to contact me in the Personnel Office at 513-398-2010 ext. 4119.

Sincerely,

*Janet Freeman*

Janet Freeman
Deerfield Manufacturing Company
Personnel Manager

EXHIBIT 2

**OHIO DEPARTMENT OF JOB AND FAMILY SERVICES**

**NOTICE OF DETERMINATION OF UNEMPLOYMENT COMPENSATION BENEFITS RIGHTS**

*PLEASE READ THIS NOTICE CAREFULLY. APPEAL RIGHTS AND ENTRIES ARE EXPLAINED ON THE REVERSE SIDE.*

JFS00411 (Rev. 7/2000)
Formerly LO465N

| Claimant's Name | | | Social Security Account Number |
|---|---|---|---|
| ALLEN, MAURICE B | | | 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 |
| Application Date | Benefit Year Beginning Date | Benefit Year Ending Date | Date This Determination Mailed |
| 02-04-02 | 02/03/02 | 02/01/03 | 02/27/02 |
| | | | Local Office Number |
| | | | 1560 |

ALLEN MAURICE B
3018 WOODBURN AVE
CINCINNATI OH 45206

| | | A. Weekly Benefit Amount | B. Dependency Class | C. BENEFITS PAYABLE | D. |
|---|---|---|---|---|---|
| X | Claimant's application is allowed. Reminder: This determination does not mean the claimant will receive benefits. BENEFIT RIGHTS ARE AS FOLLOWS: | $204.00 | A | $ 5,304.00 | |

A decision allowing the application in item 1 above does not mean the claimant will receive unemployment compensation benefits. The claimant and his/her most recent employer(s) will receive a separate determination of eligibility to be paid weekly benefits which may or may not be in favor of the claimant. (See Item 1-C on the Reverse Side)

2. ___ Claimant's application is DISALLOWED for the reason checked: (Refer to item 2 on the reverse side for additional information)

- A. Insufficient qualifying weeks in covered employment
- B. Present benefit year has not expired
- C. Application not properly filed
- D. Insufficient average weekly wage
- E. Application withdrawn at request of claimant
- F. Not unemployed

IF YOU THINK THAT THE ENTRIES ON THIS DETERMINATION ARE INCORRECT, YOU MAY FILE AN APPEAL. APPEAL RIGHTS AND ENTRIES ARE EXPLAINED ON THE REVERSE SIDE. EMPLOYERS PLEASE REFER TO ITEM 1-C ON REVERSE SIDE FOR ADDITIONAL INFORMATION REGARDING YOUR APPEAL RIGHTS.

BASE PERIOD EMPLOYMENT HISTORY—for Base Period from 10/01/00 TO 09/30/01

| A. Employer Name | B. Total Base Period Wages | C. Total Qualifying Weeks |
|---|---|---|
| DEERFIELD MFG CO | $ 21,249.38 | 52 |

EXHIBIT 3

Peter J. Stern, M.D.
John J. McDonough, M.D.
Thomas R. Kiefhaber, M.D.
Paul R. Fassler, M.D.
T. Gregory Sommerkamp, M.D.
Daniel G. Reilly, M.D.
John D. Wyrick, M.D.

# Hand Surgery Specialists, Inc.

2800 Winslow Avenue • Cincinnati, Ohio 45206 • (513) 961-4263

Patient _Maurice Allen_   Examined On _11-28-01_
Diagnosis _De Quervain's / Volar carpal ganglia_

Employer's Name and Address

Employer's Fax Number: _____

✓ May not return to work or school in any capacity at this time.
✓ May return to work or school without restrictions on _____ (Estimated date) _____ (Actual date)
✓ May return to work or school with restrictions below on _12/19/01_ (Estimated date) _____ (Actual date)
___ Duration of work restrictions _____

___ No use of injured hand
___ May use injured hand assisting on light tasks
___ No work at or above shoulder level with injured hand
___ Anesthetic skin precautions (Avoid hot/sharp objects)
___ Avoid exposure to marked temperature changes
        (extremes of hot/cold)
___ Avoid lifting with injured hand more than:
        ___ 5 lbs.   ___ 10 lbs.   ___ 20 lbs.   ___ 30 lbs.   ___ 50 lbs.

___ Keep dressing clean and dry
___ Keep hand elevated
___ Avoid skin irritants
___ Must be allowed to wear splint or cast

___ Must not operate dangerous machinery, including automobile
        ___ Until further evaluation        ___ If taking medication

___ Avoid the following motions/conditions with the injured hand:
        ___ Pushing   ___ Grasping   ___ Pulling   ___ Twisting   ___ Repetitive movements
        ___ Climbing or unprotected heights        ___ Vibratory tools

___ Additional limitations _____

___ Diagnostic studies have been scheduled _____
___ Surgery has been scheduled: _____
✓ Patient was seen in the office today.   Next Appointment _2 WKS_

___ Comment: _____

EXHIBIT 4

Signature: _Paul C. Fassler / K. Mitchell RN_   Date: _11-28-01_

- If you have questions or comments about this patients's work status, please call the physician to discuss situation.
- **IF ABOVE RESTRICTIONS CANNOT BE MET, PATIENT MAY NOT RETURN TO WORK AT THIS TIME.**

White copy to Employer, Yellow copy to Chart

EHP 129

Peter J. Stern, M.D.
John J. McDonough, M.D.
Thomas R. Kiefhaber, M.D.
Paul R. Fassler, M.D.
T. Gregory Sommerkamp, M.D.
Daniel G. Reilly, M.D.
John D. Wyrick, M.D.

# Hand Surgery Specialists, Inc.

2800 Winslow Avenue • Cincinnati, Ohio 45206 • (513) 961-4263

Patient _Maurice Allen_   Examined On _12/12/01_

Diagnosis _____

Employer's Name and Address

Employer's Fax Number: _____

___ May not return to work or school in any capacity at this time. Since no light duty available

_✓_ May return to work or school without restrictions on _____ (Estimated date) _1/7/02_ (Actual date)

___ May return to work or school with restrictions below on _____ (Estimated date) _____ (Actual date)

___ Duration of work restrictions _____

___ No use of injured hand
___ May use injured hand assisting on light tasks
___ No work at or above shoulder level with injured hand
___ Anesthetic skin precautions (Avoid hot/sharp objects)
___ Avoid exposure to marked temperature changes (extremes of hot/cold)
___ Avoid lifting with injured hand more than:
    ___ 5 lbs.  ___ 10 lbs.  ___ 20 lbs.  ___ 30 lbs.  ___ 50 lbs.

___ Keep dressing clean and dry
___ Keep hand elevated
___ Avoid skin irritants
___ Must be allowed to wear splint or cast

___ Must not operate dangerous machinery, including automobile
    ___ Until further evaluation    ___ If taking medication

___ Avoid the following motions/conditions with the injured hand:
    ___ Pushing   ___ Grasping   ___ Pulling   ___ Twisting   ___ Repetitive movements
    ___ Climbing or unprotected heights   ___ Vibratory tools

___ Additional limitations _____

___ Diagnostic studies have been scheduled _____

___ Surgery has been scheduled: _____

_✓_ Patient was seen in the office today.    Next Appointment _____

Comment: _____

Signature: _P. [signature]_    Date: _12/12/01_

- If you have questions or comments about this patient's work status, please call the physician to discuss situation.
- **IF ABOVE RESTRICTIONS CANNOT BE MET, PATIENT MAY NOT RETURN TO WORK AT THIS TIME.**

White copy to Employer, Yellow copy to Chart.

EHP 129