### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Maurice B. Allen, | * | Case No.: C-1-02-492 |
| Plaintiff, | * | Judge Spiegel |
| | | Magistrate Judge Hogan |
| vs. | * | |
| | | **DEFENDANT'S MOTION TO STRIKE** |
| Deerfield Mfg. Inc., | * | |
| A Subsidiary of Ice Industries | | |
| | * | |
| Defendant. | | |

********

Defendant, Deerfield Manufacturing Inc. ("Deerfield, Inc."), by and through its counsel, hereby moves this Court for an Order striking all references of statements, comments, actions or conduct of individuals while acting as employees of Deerfield Manufacturing Company as evidence against Defendant Deerfield Inc. Moreover, Defendant moves to strike the hearsay statements concerning alleged conversations between Plaintiff and Venita Watson.

According to the Federal Rules of Evidence, Rule 802: "Hearsay is not admissible, except as provided by the Rules of Evidence." Hearsay has been defined in Rule 801 as "A statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Plaintiff has attempted to testify, through affidavit (paragraphs 7 and 8) and deposition, as to a conversation he had with Venita Watson. This conversation satisfies the definition of hearsay and therefore is deemed inadmissible.

Defendant also seeks an order striking all hearsay related to the statements, conduct, actions or responses made by **Deerfield Company** which has been presented by Plaintiff as evidence against Defendant. For example, paragraphs four, five, six and twelve of Plaintiff's affidavit as well as Exhibit 1 relate to **Deerfield Company's** response to Plaintiff's workers compensation claim. What **Deerfield Company's** employees did or did not do with respect to Plaintiff's workers compensation claim has absolutely no relevance in the litigation against *Defendant Deerfield Inc*. Moreover, the conduct of these individuals would also be defined as hearsay as at the time that such action was taken such individuals were employees of a party other than Defendant.

In addition, paragraph 11 of Plaintiff's affidavit as well as Exhibit 3 concerns Plaintiff's filing for unemployment benefits following his discharge from employment with **Deerfield Company**, and has absolutely nothing to do with Deerfield Inc. Again, Plaintiff has attempted to testify with respect to the conduct and actions of a company which is NOT the Defendant but wants to hold Defendant responsible for such actions. Clearly, the handling of Plaintiff's unemployment claim by an unrelated party should be stricken and not given any weight in determining the liability of Defendant.

Plaintiff has consistently confused the two distinctly different legal entities in this litigation in hopes that the confusion would distract from the critical issues in this case as they relate to Defendant. For example, in his Memorandum in Opposition, Plaintiff wrongly states "Defendant would not allow him to return to restricted duty" (pg. 10). Defendant Deerfield Inc. never faced the issue of allowing Plaintiff to "return" to restricted duty because he was never hired by Defendant and "restricted duty" was never proposed. Another example is found on page 8 of Plaintiff's Memo In Opposition where Plaintiff inaccurately states that *Defendant* claimed that Plaintiff's injury was not work-related and that *Defendant* would not allow him to do any other job. Once again, Defendant

Deerfield Inc. was not involved in the workers compensation claim or the decision regarding restricted duty as it pertained to Deerfield Company. These are just two of many instances where Plaintiff has attempted to argue facts which are related to a wholly different entity as evidence in this case. Additionally, Plaintiff states on page 2 of his Memo In Opposition that "throughout the summer and fall of 2001 there was discussion at Deerfield Company about a possible sale." However, Plaintiff admits that he wasn't even at Deerfield Company in the fall of 2001 (due to his workers compensation injury). Furthermore, any such discussions came from Deerfield Company and have no evidentiary value in this case.

Based upon the foregoing, Defendant hereby moves this Court for an Order striking all references to the statements, conduct and/or actions of Deerfield Company as well as the hearsay conversation between Venita Watson and Plaintiff.

Respectfully Submitted,

**WISE & DORNER, Ltd.**
/s/   Renisa A. Dorner
Renisa A. Dorner (0040192)
**WISE & DORNER, Ltd.**
151 N. Michigan Street, Ste. 333
Toledo, Ohio 43624
Tel: (419) 327-4303
Fax: (419) 327-4302
Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of January, 2004 a copy of foregoing Defendant's Request for Extension of Time was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/   Renisa A. Dorner
Renisa A. Dorner (0040192)

E:\Deerfield Mfg\Allen\motiontostrike.wpd