UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MAURICE ALLEN** | : | Case No.  1:02cv492 |
| | : | |
| Plaintiff, | : | Judge Speigel |
| | : | Magistrate Judge Hogan |
| v. | : | |
| | : | |
| **DEERFIELD MANUFACTURING** | : | PLAINTIFF'S MEMO IN |
| **INCORPORATED, A SUBSIDIARY** | : | OPPOSITION TO DEFENDANT'S |
| **OF ICE INDUSTRIES** | : | <u>MOTION TO STRIKE</u> |
| | : | |
| Defendant. | : | |

Defendant has moved to strike portions of the affidavit of Maurice Allen. Defendant argues that the affidavit contains hearsay. Defendant's motion should be denied.

Defendant first says that Paragraph 11 of Plaintiff's affidavit recounting a conversation with Venita Watson, a former co-worker, is hearsay. (Defendant's memo at page 1). Plaintiff spoke with Watson on January 22, 2002. (Affidavit of Maurice Allen, ¶ 7). The subject was the sale of Deerfield Manufacturing Co. to Deerfield Inc. and the application process. (<u>Id</u>.). The statements Plaintiff attributes to Watson are not hearsay. Hearsay requires that the out of court statement be offered for its truth. See Federal Rule of Evidence 801. Watson's statements were not to prove that the company was sold or that there was an application deadline. Rather, they were offered to explain why Plaintiff contacted Deerfield Inc. and Ms. Freeman the next day. (Allen Aff., ¶ 8). In any event, there is no dispute about what Ms. Watson said. Deerfield Co. was sold and there was a deadline to submit applications.

1

Deerfield Inc. also argues that any statements or any conduct attributed to Deerfield Co., who was Plaintiff's employer immediately before the sale to Deerfield Inc., are also hearsay. Defendant's argument should be rejected.

First, Plaintiff has not attributed the statements to Deerfield Co. Instead, he relates conversations and conduct directed toward him by Janet Freeman.  The comment by Freeman that "she" would fight the workers' compensation claim is evidence of her state of mind regarding Plaintiff and his claims.  As someone involved in developing the criteria for which employees of Deerfield Co. would be hired by Defendant Deerfield Inc., her state of mind is very relevant and her comments and conduct are highly probative.  See Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 355-57 (6th Cir. 1999) and Cooley v. Carmike Cinemas, 25 F.3d 1325 (6th Cir. 1994)(remarks by decision-maker several years prior to adverse decision to the effect that old people should be "put in a pen" are admissible as evidence of his state of mind).

Second, Defendant's attempt to draw an artificial barrier between Deerfield Co. and Deerfield Inc. for purposes of this case should be rejected.  Freeman and Defendant Deerfield Inc. decided who would be hired based on the individual's employment, performance, attendance, and leave status at *Deerfield Co.*  Freeman served as the Human Resources Director for Deerfield Co. and  Deerfield Inc.  The final decisions regarding who would be hired by Deerfield Inc. were made on or about January 28, 2002 while Freeman was still an employee of Deerfield Co. (Freeman depo. at  56). (excerpt attached as Appendix B to Plaintiff's memo in opposition to Defendant's motion for summary judgment). Ms. Freeman's employment at Deerfield Inc. begin until  February 1, 2002. (Freeman Aff. ¶ 3).

Defendant also argues that the actions taken by Deerfield Inc. in response to Plaintiff's claim for unemployment benefits are irrelevant. (Defendant's memo at 2). However, Deerfield Co. could have defended the claim by arguing that Plaintiff failed to apply for available work at Deerfield Inc. No one knew that better than Ms. Freeman, who notified Plaintiff of his termination from Deerfield Co. and who has stated that Plaintiff was not hired by Defendant because he did not submit an application. There is no evidence that she ever made any attempt to oppose the claim on what would have been legitimate grounds.

Finally, Defendant's argument that Plaintiff has attempted to confuse the issues regarding Deerfield Inc. and Deerfield Co. is wholly without merit. When appropriate, Plaintiff attempted to make it clear in his memo that Deerfield Co. and Deerfield Inc. were owned by different entities. However, as noted above, other than the fact that Deerfield Inc. took over of February 1, 2002, there are several factors linking the two entities. They are at the same location. Hiring decisions for Deerfield Inc. were made by Janet Freeman and Dave Randall who were Deerfield Co. employees at the time. Ms. Freeman served as the Human Resources Director for Deerfield Co. while she was carrying out the hiring wishes and decisions of what was to become Defendant Deerfield Inc. (Freeman Aff. ¶ 4-7).

In sum, there is nothing improper about Plaintiff's affidavit. The statements he repeats from Venita Watson are innocuous, undisputed, and were not offered for their truth. The conduct Plaintiff attributes to Janet Freeman, whether acting as an agent for Deerfield Co. , Deerfield Inc., or both simultaneously, is relevant to her state of mind. Defendant's motion should be denied.

Respectfully submitted,

s/ David Torchia
David Torchia – 0015962
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, Ohio 45202
(513) 241-8137
Attorney for Plaintiff
davet@tktlaw.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been filed electronically and mailed via Regular Mail to Renisa A. Dorner, Esq., Wise & Dorner, Ltd., 151 N. Michigan Street, Suite 333, David Building, Toledo, Ohio 43624 on this 5th day of February, 2004.

s/ David Torchia
David Torchia – 0015962