IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Maurice B. Allen, | * | Case No.: C-1-02-492 |
| Plaintiff, | * | Judge Spiegel |
| | | Magistrate Judge Hogan |
| vs. | * | |
| | | **DEFENDANT'S REPLY BRIEF IN** |
| Deerfield Mfg. Inc., | * | **SUPPORT OF MOTION TO** |
| A Subsidiary of Ice Industries | | **STRIKE** |
| | * | |
| Defendant. | | |

\*\*\*\*\*\*\*\*

Defendant, Deerfield Manufacturing Inc. ("Deerfield, Inc."), by and through its counsel, hereby submits its Reply Brief in Support of its Motion to Strike. Deerfield Inc. has requested that this Court order all references to statements, comments, actions or conduct of individuals while acting as employees of Deerfield Manufacturing Company be stricken from the record and not considered as evidence against Defendant Deerfield Inc. Moreover, Defendant has requested that the hearsay statements concerning alleged conversations between Plaintiff and Venita Watson, also be stricken.

With respect to the statements attributed to Venita Watson, Plaintiff claims that such statements have not been offered for the truth being asserted, but rather to explain Plaintiff's actions. However, Plaintiff then argues that it is undisputed that there was "a deadline to submit applications."

1

This allegedly undisputed fact is in regard to what Venita Watson allegedly stated in her hearsay comment. The evidence submitted appropriately to the Court clearly shows that no deadline was placed upon Plaintiff because he was not a member of the group being considered before other applicants. There is absolutely no evidence to support a finding that Plaintiff had a deadline to file his application. Thus, contrary to Plaintiff's assertions, Venita Watson's comments are being asserted for the truth, and as they are clearly hearsay, they must be stricken. The undisputed evidence is that Plaintiff did not have a deadline to file his application and that he was told that he could wait until February 4, 2002 if he chose to do.

Next, Defendant seeks an order striking all hearsay related to the statements, conduct, actions or responses made by individuals while working for **Deerfield Company**. Plaintiff has attempted to submit as evidence these hearsay statements as evidence against Defendant. Plaintiff's only response has been to argue that, because many of the same individuals who were making recommendations and/or decisions on behalf of Deerfield Inc. had also been employed by Deerfield Company, their prior statements are an exception to the hearsay rule and can be used against Defendant. Not surprising, Plaintiff has provided absolutely no legal support for such contention. Rather, Plaintiff has only submitted conjecture and speculation. Evidentiary issues are not based upon such vague contentions. As the proponent of the evidence, Plaintiff has the burden to establish that such evidence meets the elements of one of the hearsay exceptions. Plaintiff has failed to meet this burden.

Plaintiff has not set forth any specific evidentiary rule or case law which allows the admission of the statement of an individual made while working for another employer as admissible against their current employer. In fact, the two cases cited by Plaintiff, <u>Ercegovich v. Goodyear Tire</u>

& Rubber Com, 154 F. 3d 344 (6th Cir. 1999) and Cooley v. Carmike Cinemas, 25 F.3d 1325 (6th Cir. 1994) concern statements made by individuals while acting within the scope of their employment with the employer who is the Defendant in the lawsuit.  Pursuant to Fed. R. Evid. 801(d)(2)(D), a statement is an admission, and thus not hearsay, if it is made by a party's agent concerning matters within the scope of the agency, and made during the existence of the agency relationship. Plaintiff apparently believes that Freeman's isolated comment while working for a totally different employer regarding "fighting" Plaintiff's workers compensation claim, is admissible against the Defendant in this action.  However, Freeman was not an agent of Defendant at the time of the alleged statement and further, there was no agency relationship established at that point in time.  Therefore, there is no justification for admitting such evidence against Defendant.

Next, Plaintiff attempts to argue that there should be no barrier between Defendant and Deerfield Company for the purposes of this case.  Once again, Plaintiff fails to provide any legal support for the contention that the actions of one company can be used as evidence against another company.  It is undisputed that Defendant merely purchased the assets of Deerfield Company and that it had no legal obligation to hire any of the employees of Deerfield Company.  Notwithstanding this fact, Defendant did hire some employees of Deerfield Company if they met certain criteria, including being **actively working** which would allow for an evaluation of their work.  Plaintiff failed to meet the criteria of being **actively working** which would enable an evaluation of his work performance to be performed.  It did not matter to Defendant why the individual was not **actively working**, only that such person was not available to be evaluated.  Thus, as argued in Defendant's Motion to Strike, the conduct of individuals while acting at the time on behalf of Defendant is totally appropriate, but the conduct of individuals while acting for a different employer is completely inadmissible against Defendant.

Plaintiff has argued that Deerfield Company's decision to not fight Plaintiff's unemployment claim can somehow be related to Defendant.  There is absolutely NO evidence that Ms. Freeman or

Defendant had any involvement in the decision made by Deerfield Company with respect to Plaintiff's unemployment compensation application. According to the evidence, Plaintiff did not learn that he was discharged until February 1, 2002 and as of February 1, 2002, Ms. Freeman was employed by Deerfield Inc. and NOT Deerfield Company. As Plaintiff would have filed his unemployment application after February 1, 2002, it would not have been Ms. Freeman's responsibility to respond as she was no longer employed by Deerfield Company. Therefore, Plaintiff is not at liberty to submit evidence by conjecture without any corroboration of admissible evidence.

Plaintiff claims that because "there are several factors linking the two entities" that they all evidence submitted regarding the conduct of Deerfield Company is appropriately admissible against Defendant. (Plaintiff's Memo In Opp. pg. 3). Once again, there is absolutely no case law to support such a broad assertion. There are clearly reasons why a corporation, such as Ice Industries, buys only the ASSETS of another company. Defendants did not purchase the liabilities of Deerfield Company and did not agree to become a successor corporation. Defendants opened a new business on February 1, 2002 and what Deerfield Company did or didn't do with respect to its employees remains of NO concern to Defendant. Thus, the mere fact that there are a few similarities does not result in a finding that the conduct by one corporation can be admissible against another.

Finally, Plaintiff broadly suggests that the conduct of Ms. Freeman regardless of whom she worked for at the time of the conduct is relevant to her state of mind and is therefore admissible. Not surprising, Plaintiff again fails to support such contention with any case law or statutory support. Even if Plaintiff could support such a finding, Ms. Freeman's one comment that she intended to "fight Plaintiff's workers compensation claim" is not sufficient to even raise an issue regarding her state of mind. "[M]erely vague, ambiguous, or isolated remarks" by a company agent which were not related to the decision-making process and are not proved to have been made proximate to the assailed adverse employment action cannot constitute sufficient direct evidence of employment discrimination to create a jury question." See, Cooley v. Carmike Cinemas, Inc., 25 F.3d 1325,

1330-31 (6th Cir. 1994); see also Phelps v. Yale Sec., Inc., 986 F.2d 1020, 1025-26 (6th Cir. 1993); Gagnéé v. Northwestern Nat. Ins. Co., 881 F.2d 309, 314 (6th Cir. 1989) (mandating that a solitary ambiguous statement was "too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination."). In this case, Ms. Freeman's alleged comment while employed with Deerfield Company that she would fight Plaintiff's workers compensation claim is an ambiguous statement which is too vague and abstract to be relevant. There are many reasons why a human resource professional may seek to fight a worker's compensation claim, such as a belief that the alleged injury was not a compensable claim because it happened after the individual had clocked out for the day. The mere fact that she intended to fight a workers compensation is too vague to relate to an animus against an individual with an alleged disability which Plaintiff is attempting to argue.

Paragraphs four, five, six and twelve of Plaintiff's affidavit as well as Exhibit 1 relate to **Deerfield Company's** response to Plaintiff's workers compensation claim. What **Deerfield Company's** employees did or did not do with respect to Plaintiff's workers compensation claim has absolutely no relevance in the litigation against *Defendant Deerfield Inc*. Moreover, the conduct of these individuals would also be defined as hearsay because at the time that such action was taken such individuals were employees and under the control of a party other than Defendant.

In addition, paragraph 11 of Plaintiff's affidavit as well as Exhibit 3 concerns Plaintiff's filing for unemployment benefits following his discharge from employment with **Deerfield Company**, which again has absolutely nothing to do with Deerfield Inc. Again, Plaintiff has attempted to testify with respect to the conduct and actions of a company which is NOT the Defendant but wants to hold Defendant responsible for such actions. Clearly, the handling of Plaintiff's unemployment claim by an unrelated party should be stricken and not given any weight in determining the liability of Defendant.

Plaintiff has not addressed the many situations within his Memorandum In Opposition where he has argued that **Defendant** participated in certain actions which were clearly the actions of **Deerfield Company** and not DEFENDANT. For example, in his Memorandum in Opposition, Plaintiff wrongly states "Defendant would not allow him to return to restricted duty" (pg. 10). Defendant Deerfield Inc. never faced the issue of allowing Plaintiff to "return" to restricted duty because he was never hired by Defendant and "restricted duty" was never proposed. Another example is found on page 8 of Plaintiff's Memo In Opposition where Plaintiff inaccurately states that *Defendant* claimed that Plaintiff's injury was not work-related and that *Defendant* would not allow him to do any other job. Once again, Defendant Deerfield Inc. was not involved in the workers compensation claim or the decision regarding restricted duty as it pertained to Deerfield Company. These are just two of many instances where Plaintiff has attempted to argue facts which are related to a wholly different entity as evidence in this case. Additionally, Plaintiff states on page 2 of his Memo In Opposition that "throughout the summer and fall of 2001 there was discussion at Deerfield Company about a possible sale." However, Plaintiff admits that he wasn't even at Deerfield Company in the fall of 2001 (due to his workers compensation injury). Furthermore, any such discussions came from Deerfield Company and have no evidentiary value in this case regarding Deerfield Inc.

Based upon the foregoing, Defendant hereby moves this Court for an Order striking all references to the statements, conduct and/or actions of Deerfield Company as well as the hearsay

conversation between Venita Watson and Plaintiff.

                      Respectfully Submitted,

                      **WISE & DORNER, Ltd.**

/s/   Renisa A. Dorner
       Renisa A. Dorner (0040192)
       **WISE & DORNER, Ltd.**
       151 N. Michigan Street, Ste. 333
       Toledo, Ohio 43624
       Tel: (419) 327-4303
       Fax: (419) 327-4302
       Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of February, 2004 a copy of foregoing Defendant's Reply Brief In Support of Motion to Strike was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/   Renisa A. Dorner
       Renisa A. Dorner (0040192)

E:\Deerfield Mfg\Allen\replyformotiontostrike.wpd