IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Maurice B. Allen, | * | Case No.: C-1-02-492 |
| Plaintiff, | * | Judge Spiegel<br>Magistrate Judge Hogan |
| vs. | * | |
| | | **DEFENDANT'S RESPONSE TO** |
| Deerfield Mfg. Inc., | * | **PLAINTIFF'S OBJECTIONS TO** |
| A Subsidiary of Ice Industries | | **MAGISTRATE'S REPORT AND** |
| | * | **RECOMMENDATION** |
| Defendant. | | |

\*\*\*\*\*\*\*\*

Defendant, Deerfield Manufacturing Inc. ("Deerfield, Inc."), by and through its counsel, hereby submits its Response to Plaintiff's Objections to Magistrate's Report and Recommendation.

## I. INTRODUCTION

On September 28, 2005, Magistrate Judge Hogan issued a Report and Recommendation (R&R) indicating that summary judgment should be granted to the Defendant based upon Plaintiff's claims for race and disability discrimination. In response, Plaintiff filed his Objections to the R&R on October 14, 2005. Plaintiff took issue with three specific findings made by the Magistrate. First, the Magistrate determined that Plaintiff cannot establish a *prima facie* case of race discrimination because he did not submit an application. Second, the Magistrate decided that Plaintiff

had not provided sufficient evidence to allow a jury to conclude that Defendant's reason for not hiring Plaintiff was pretextual. And finally, the Magistrate held that Plaintiff was not disabled under the Americans with Disabilities Act ("ADA").

## II. FACTS

Plaintiff has accepted the Statement of Facts as presented by the Magistrate in his R&R. While Defendant accepts the essential facts as stated by the Magistrate, Defendant does want to include that Plaintiff testified that it was his intent to apply for a job as a forklift operator on February 4, 2002. See, Allen Depo., pgs. 65-66. However, no position of forklift operator was available on February 4, 2002. Caucasians Karl Roth and Carrie Nelson, who submitted their applications the week previously, were hired on February 4, 2002 as machine operators and not forklift operators. Both of these individuals had previously worked for Deerfield Company, just like Plaintiff, and had left Deerfield Company within the prior year on good terms. They were not part of the preferential group of active employees of Deerfield Company who were hired on February 1, 2002, but rather outside candidates who were hired on February 4, 2002. While Plaintiff may have had prior experience as a machine operator, by his own admission, he was not applying for a machine operator position. Therefore, the hiring of Roth and Nelson for a wholly different position than the one which Plaintiff claims he was prevented from applying for, is not an appropriate comparison for discrimination purposes. Notwithstanding, the Magistrate correctly held that regardless of the position being filled, Plaintiff has not submitted sufficient evidence that creates a genuine issue for trial.

### III.  ARGUMENT

A. **Plaintiff Has Failed to Produce Sufficient Evidence That Would Allow a Jury to Return a Verdict in His Favor.**

A Motion for Summary Judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  This Court must look beyond the pleadings and assess the proof to determine whether there is a general need for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S., 574, 587 (1986).  The Sixth Circuit has held that a non-moving party must present some significant probative evidence which makes it necessary to resolve the party's differing versions of the dispute at trial. Ivy Street Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987); Harris v. Adams, 873 F.2d 929, 931 (6th Cir. 1989).  When determining a Motion for Summary Judgment, the Court asks whether the evidence presented presents a sufficient disagreement that requires it to be submitted to a jury or whether the case is so one-sided that the moving party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).  "Where the record taken as a whole cannot lead a rational trier of fact to find for the non-moving party, there is no 'general issue for trial.'" Matsushita, 475 U.S. at 587.

A thorough reading of the R&R establishes that the Magistrate's decision to grant summary judgment to Defendant was based on the totality of the circumstances as shown by the evidence.  The Magistrate was not swayed by Plaintiff's attempt to skew the interpretation of one singular statement in order to create an issue of fact for a jury to decide.  The Magistrate clearly indicates that the Court "has a duty to review all facts together, not in isolation...." R&R, p.20,

citing Thurman v. Yellow Freight Sys. Inc., 90 F.3d 1160, 1166 (6th Cir. 1996). Consistent throughout the R&R is an indication that Plaintiff has failed to establish and substantiate his claims as required in order to avoid a summary judgment.

> **B.** **Plaintiff Has Failed to Produce Evidence Sufficient to Establish a *Prima Facie* Case of Race Discrimination.**

While avoiding the real issue, Plaintiff attempts to argue that reasonable jurors could disagree as to whether Plaintiff failed to submit an application for a job. Plaintiff tries to argue that he was denied the opportunity to submit an application for the job, but the overwhelming evidence submitted is to the contrary. Plaintiff has consistently misstated the facts as established by the evidence in an effort to create an issue of fact, when one does not exist. Plaintiff has even misstated the findings of the Magistrate when he indicates at p.7 of his Objection that "[t]he Magistrate acknowledged that there was evidence supporting the conclusion that Defendant decided not to hire Plaintiff before he attempted to fill out an application, and that as a result, his failure to do so could not have motivated the decision. (R&R at 18-19)." A review of pages 18&19 of the R&R shows that there is absolutely no such conclusion reached by the Magistrate. Rather, the Magistrate ruled that if you **only** consider Plaintiff's version of a single statement in isolation, that it "could suggest a hiring decision that had been made despite Plaintiff's failure to apply for employment." However, the Magistrate proceeds to explain that the Court does not look at things in isolation, but rather in the context of all the evidence presented in the case. And when considering all the evidence in the case, the Magistrate determined that Plaintiff's version of the statement does not imply that a decision was racially motivated and does not create a material issue of fact on the question of pretext.

The Magistrate has painstakingly pointed out all of the MANY events that occurred

with respect to the hiring process established by Defendant. For example, Defendant required a formal application for all potential employees to be considered for employment and not a single person was hired without an application being submitted. Moreover, Plaintiff admitted that he knew that "all employees had to put in new applications in order to work for the new company." Allen Depo., p.42. The Magistrate also points to the obvious that contrary to the continued misrepresentations by Plaintiff of the facts, there is absolutely no evidence that he "was specifically told not to fill out [an application] until February 4, 2002." Quite to the contrary, Plaintiff explained on numerous occasions throughout his deposition that he was told that he did not need to meet a certain "deadline" for filing an application, as the deadline only applied to active Deerfield Company employees. There is also not one bit of evidence submitted to the Court that Plaintiff was told "specifically" that he had to wait until February 4, 2002 to apply. The Magistrate correctly determined that no one prevented Plaintiff from applying prior to February 4, 2002.

Plaintiff makes much of the fact that he was told to leave the premises on February 4, 2002. Such requirement does not imply that any decision (although no decision was made) not to hire him was racially motivated, but rather it merely indicates that he was someplace where he should not have been. He knew he was no longer employed at the location of Defendant's plant and that there was a new company located there. Yet, he still parked in the "employee only" parking lot and entered through an "employee only" entrance. Obviously, the applications were not located at the "employee only entrance," as they were located on a table at the front of the building in a public area. If Plaintiff intended to apply for a job at Defendant's plant, then it was reasonable for Defendant to expect him to come onto the property as a visitor, enter the building at the appropriate location, obtain the application and submit it at the front office. Any reasonable person would not have

attempted to wrongfully enter the plant through the employee entrance, rather than through the front door if they actually intended to submit an application.

Finally, as pointed out by the Magistrate, there is absolutely nothing whatsoever that has been presented by the Plaintiff that race played a part in any of the employment decisions made by Defendant. Actually, quite to the contrary, evidence is substantial that ALL of the non-Caucasian active employees of the prior company, Deerfield Company, were hired by Defendant. Furthermore, the only active employees at Deerfield Company who were not hired by Defendant were Caucasians. As the Sixth Circuit has pointed out, the trial court's duty is to review all the facts together and not in isolation. Thurman, at 1166. This requires review of the record as a whole to determine as to whether sufficient evidence has been provided to create a general issue of material fact. Id. A district court "undertakes to determine whether there is sufficient evidence to permit reasonable jurors to find for the non-moving party." Aparicio v. Norfolk & Western Railway Co., 84 F.3d 803, 807 (6th Cir. 1996). In this case, the Magistrate was correct in holding that Plaintiff had not applied for a job and therefore, he did not satisfy an essential element of his race discrimination claim.

Plaintiff remarkably indicates that he is not asking the Court to be exempted from the application process. Plaintiff's Objection, p.6. Yet, that is exactly what Plaintiff has consistently told this Court, that he did not have to apply for job because he was prevented from applying. Once again, Plaintiff has misstated the facts by saying that he was not told that he could fill out an application before February 4, 2002. Presumably, Plaintiff contends that employers are suppose to beg and plead with people so that they apply for jobs. Defendant did not have any duty to "encourage" Plaintiff to fill out a job application whether in January or on February 4, 2002. Defendant's employee truthfully answered Plaintiff's question as to whether he was required to apply

6

by a certain deadline which was not applicable to him.

Plaintiff unbelievably wants this Court to allow jurors to decide if Defendant's employee overreacted when she asked him to leave the property when he entered through the employee entrance and parked in the employee parking lot. It is inconceivable that any court would find that a human resources manager who finds a non-employee walking around and entering the premises through an employee-only door, would not have the right, privilege and duty to tell that person to leave immediately. Plaintiff was in essence trespassing on the property. There is no reason for a jury to ever decide whether she properly reacted to that situation or not, because she did respond appropriately.

This case is replete with evidence to the fact that the employer had absolutely no racial bias or animus in its employment decisions. This employer hired all of the non-Caucasians who were active employees at the prior company. This employer only hired people who had filled out a formal application. This employer provided applications on a table in its front lobby near the personnel department. This employer told Plaintiff to come and fill out an application. The Magistrate discusses the fact that "[i]f an application were not necessary, then nearly every decision to hire or promote would be subject to challenge." Wanger v. G.A. Gray Co., 872 F.2d 142, 147 (6th Cir. 1989). The Magistrate recognizes that Plaintiff seeks this Court to ignore the totality of the circumstances of this case. Plaintiff only wants this Court to review one specific statement which appears to have been misunderstood by Plaintiff in which he thought the new owner had decided not to hire him. In fact, the new owner had not decided to hire Plaintiff because he had not met the essential qualification of the job, which was to apply for a job. In essence, he had never been considered for a position because he indeed had never applied. He, instead, decided to trespass on the property, which that act alone

would be sufficient for many employers to decide not to hire someone.

Plaintiff continues his mantra that it was incredible to believe that he would have left the facility after he went there to fill out an application, unless he was denied the opportunity. It could just as easily be asserted that he left the facility because he was mad at Defendant's HR manager who was requiring him to leave the facility when he parked and entered an area that was off limits for him. So, there are lots of factors that could have been the reason why he may have wanted to leave the facility without applying, but to assume that his act of leaving was based upon some racial motive of the Defendant is more than absurd, it is ludicrous. Just as Plaintiff wants to argue that it is incredible to believe that Plaintiff would have made the trip to the facility to fill out an application and leave without doing so; it is equally incredible to believe that Ms. Freeman, on January 24th, after telling Plaintiff that he needed to apply for a job, that he could come in to fill out an application and that she would see him then, would then indicate to him 10 days later that he had been considered for employment without an application. If anything, a miscommunication occurred between Plaintiff and Ms. Freeman when she required him to leave the employee-only area because he had not been hired by the new owner.

Plaintiff's only disputed issue of fact stems upon one statement, which has not been accurately portrayed by Plaintiff. Plaintiff feels that because he has created this one dispute in this case regarding this one statement, then that alone creates a genuine issue of material fact which a jury should decide whether Defendant is liable for race discrimination. Contrarily, the Magistrate has pointed out that a court considers all the evidence, all the circumstances and the totality of the events and then makes a determination. Cases should not be allowed to go to a jury just because one party interprets a single statement differently than it was said or intended, and this interpretation is contrary

to all of the other evidence submitted to the Court. This case is as close to being one-sided as any case can get. The policies and procedures executed by the Defendant with respect to its hiring of new personnel for the new company opening February 1, 2002 is without reproach. Plaintiff knew he had to file an application and failed to do so allegedly because he misunderstood a single statement. He now wants the court to find that he was not hired because of race discrimination. There is absolutely no evidence to support any finding that any of the actions of the Defendant were race related. In fact, the evidence is clearly to the contrary.

### C. **Plaintiff Has Failed to Produce Evidence Sufficient to Establish a *Prima Facie* Case of Disability Discrimination.**

Plaintiff also takes issue with the fact that the Magistrate found that Plaintiff did not establish that he was disabled under the law. The Magistrate initially found that the ADA and Ohio law have a similar definition for the term "disabled." Plaintiff argued that he was "disabled" because he has a record of an impairment and he was regarded as "disabled" by Defendant. First and foremost, the Magistrate held that Plaintiff had not presented any evidence with respect to his alleged disability or how it has impacted any major life activities. In fact, the only thing that Plaintiff submitted with respect to his alleged disability in this case is the fact that he was off on workers' compensation leave for an injury he sustained in August, 2001 while employed at another company. While Plaintiff has filed an objection to the Magistrate's finding, he has failed miserably to substantiate what evidence he submitted to establish a disability as defined by the law.

Plaintiff has further tried to prove that somehow Defendant had regarded Plaintiff as being disabled. As the Magistrate pointed out, an impairment that only prevents an individual from performing a major life activity for an intermittent basis or a moderate basis is not a substantial

9

limitation under the ADA.  <u>Mahon v. Crowell</u>, 295 F.3d 585, 590 (6th Cir. 2002).  The U.S. Supreme Court in <u>Sutton v. United Airlines, Inc.</u>, 527 U.S. 471 (1999) stated:

> "To be substantially limited in the major life activity of working then one must be precluded from more than one type of job, a specialized job, or a particular job of choice.  If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs.  Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs."

<u>Id</u>. at 492.  The Magistrate was not swayed by Plaintiff's submission of general doctor's statements requesting that he be excused from work, as that does not substantiate that he is substantially limited in his ability to perform a substantial class of jobs.  <u>Sutton</u>, 527 U.S. at 492.  Plaintiff's only argument that he was regarded as being disabled was because he was not "allowed" to apply for a job until he was released to work without restrictions.  Again, Plaintiff has misconstrued the evidence in the case, Plaintiff was NEVER told that he was not "allowed" to apply until he was released to work without restrictions.  Rather, he was only told that he did not need to meet a certain deadline that active employees of Deerfield Company had to meet in order to apply for a job with Defendant.  Plaintiff was told he "could wait", but not that he had to wait.  There is absolutely no evidence to support Plaintiff's contention that he was not allowed to apply for a job prior to February 4, 2002.

Plaintiff was not part of the group getting preferential consideration because he was not an active employee who had underwent an evaluation process in order to obtain a position at Defendant.  He had only been disqualified from the preferential consideration because he was not able to undergo the scrutiny of being evaluated before being hired.  Nothing and noone prohibited him

from applying with Deerfield, Inc. at any time. Plaintiff has consistently misstated that Defendant told Plaintiff not to apply until his doctor released him to work, and that is totally contrary to the evidence in this case. Plaintiff testified that he was told he "could wait", not that he was required to wait.

Plaintiff wastes considerable time in his Objections talking about the 100% Healed Rule which is not even applicable to the Defendant in this case. There is absolutely no evidence to indicate that the Defendant in this case had any "100% Healed Rule" which was applied during its hiring process. The Magistrate recognized that the evidence presented indicates that such "rule" concerned a different company, and not Defendant.

Plaintiff previously relied upon Ross v. Campbell Soup Co., 237 F.3d 701 (6th Cir. 2001); but when pointed out by the Magistrate how the comparison of evidence is totally lacking between the two cases, Plaintiff has chosen to ignore his reliance on that case. In fact, the Magistrate found that, unlike the plaintiff in Ross, the Plaintiff here, being Mr. Allen, "has not even presented a modicum of evidence that Defendant Deerfield Inc. perceived him as disabled under the ADA or had a discriminatory motive in its decision not to hire him." R&R, pg. 30. Therefore, the Magistrate was correct in finding that the Plaintiff failed to establish a *prima facie* case of disability discrimination because he is not an individual with a disability. Therefore, the Court did continue on with its analysis as to whether Plaintiff was otherwise qualified to perform the job requirements with or without a reasonable accommodation, or whether he was discriminated against solely because of a disability. In essence, the Magistrate correctly found that Plaintiff was not disabled under the law.

D.  **The Magistrate Correctly Dismissed Plaintiffs Ohio Public Policy Claims.**

The Magistrate has dismissed without prejudice Plaintiff's state law public policy claims on the basis that this Court lacks jurisdiction. Principally, the Court has indicated that it is not

11

in a position to establish a new public policy claim for "wrongful hiring" under Ohio law when such a claim has not yet been recognized by the Ohio courts. There seems to be nothing of any substance that Plaintiff has objected to with respect to this finding by the Magistrate. If the Court wishes to proceed with further review of those public policy claims, Defendant refers the Court to its Motion for Summary Judgment at pages 20-23 and Reply Memorandum at pages 15-16.

## IV.  CONCLUSION

The Magistrate held that Plaintiff failed to apply for a position with Defendant even though he was fully aware of the fact that all individuals interested in working for Defendant were required to apply for a position. The totality of the evidence disproves any motive of racial bias on the part of Defendant as all non-Caucasians from the prior company were hired and no individuals were hired without filling out an application. There are absolutely no similarly situated Caucasian individuals who were hired by Defendant in lieu of Plaintiff. Notwithstanding the fact that Plaintiff cannot prove a *prima facie* case, the Magistrate completed his analysis by finding that Defendant had a legitimate nondiscriminatory reason for not hiring Plaintiff, he NEVER applied. Moreover, the Magistrate found Plaintiff's allegation of disability discrimination unpersuasive. As to Plaintiff's public policy claim, the Magistrate properly dismissed this claim without prejudice due to lack of jurisdiction.

Essentially, the Magistrate's decision centered upon the lack of evidence submitted by Plaintiff in order to prove his claims of discrimination. The only disputed fact was the misinterpretation that Plaintiff had of a comment made by Defendant's HR manager. But this misunderstood comment does not give rise to allowing this case to go to a jury. There is no issue for

trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. <u>Anderson</u>, 477 U.S. at 249. This case lacks sufficient evidence in which a jury could find that Defendant discriminated against Plaintiff on the basis of his race or due to his alleged disability.

Based upon the foregoing reasons and the reasons set forth in Defendant's Motion for Summary Judgment and Reply Memorandum in Support of Summary Judgment, Defendant requests that the well-reasoned Report and Recommendation of Magistrate Judge Tim Hogan be accepted and adopted by this Court as its Opinion.

Respectfully Submitted,

**WISE & DORNER, Ltd.**
/s/   <u>Renisa A. Dorner</u>
Renisa A. Dorner (0040192)
**WISE & DORNER, Ltd.**
151 N. Michigan Street, Ste. 333
Toledo, Ohio 43624
Tel: (419) 327-4303
Fax: (419) 327-4302
Attorney for Defendant

## CERTIFICATE OF SERVICE

   I hereby certify that on this 28th day of October, 2005, a copy of foregoing Response to Plaintiff's Objections to Magistrate's Report and Recommendation was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

         /s/  <u>Renisa A. Dorner</u>
            Renisa A. Dorner (0040192)

E:\Deerfield Mfg\Allen\response.wpd