UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MAURICE ALLEN** | : | Case No.  1:02cv492 |
| | : | |
| **Plaintiff,** | : | Judge Speigel |
| | : | Magistrate Judge Hogan |
| **v.** | : | |
| | : | **PLAINTIFF'S REPLY MEMO IN** |
| **DEERFIELD MANUFACTURING** | : | **SUPPORT OF PLAINTIFF'S** |
| **INCORPORATED, A SUBSIDIARY** | : | **OBJECTIONS TO REPORT** |
| **OF ICE INDUSTRIES** | : | **AND RECOMMENDATION** |
| | : | |
| **Defendant.** | : | |

I.   **INTRODUCTION**

On October 14, 2005, Plaintiff submitted Objections to the Magistrate's Report and Recommendation (R&R) of the Magistrate. Defendant has responded. As set forth below, Defendant's arguments are without merit and should be rejected.

II.  **ARGUMENT**

   A.   **There Is A Prima Facie Case Of Race Discrimination**

The primary issue regarding Plaintiff's race discrimination claim is whether he was denied the opportunity to apply for a position. Defendant focuses on the period prior to February 4, 2002 and argues that Plaintiff was never told that he could not submit an application prior to then.

Plaintiff was told that he did not need to submit an application until he was released to return to work by his doctor. A reasonable inference is that there was

1

no point in doing so until February 4, 2002.    In any event, the real issue regarding the race discrimination claim is what occurred on February 4, 2002 when Plaintiff went to the plant to complete an application.  Plaintiff asserts he was told that the new owner decided not to hire him, that he needed to leave the plant, and that he should apply for unemployment benefits.  There is clearly an inference that he was not allowed to apply for a job that day.

Defendant makes no argument in response to Plaintiff's citation to Dews v. A.B. Dick Co., 231 F.3d 1016, 1022 (6th Cir. 2000). In Dews, the Sixth Circuit noted that it would be impossible for an employee to make out a prima facie case if he was not permitted to apply for a job. Id. at 1021.

Plaintiff is not seeking an exemption from the application process or attempting to make employers "beg and plead with people so they apply for jobs" as stated by Defendant. (Defendant's memo at 6). As set forth in previous memoranda submitted by Plaintiff, he clearly wanted to work with Defendant and made his interest in filling out an application known.  He went to the plant on February 4, 2002 to do so.  While Defendant says there was misunderstanding about whether he was denied the chance to apply that day, Plaintiff says he was specifically told that the new owner decided not to hire him and that he needed to leave the premises. There is a material factual dispute regarding whether Plaintiff was denied the opportunity to apply for a job on February 4, 2002.  Under Dews, Plaintiff should be considered to have met the application requirement.

**B.    The Stated Reason For Refusing To Hire Plaintiff Is Pretextual**

Defendant does not have a specific heading in its brief relating to pretext. Instead, it appears to simply merge the prima facie case and pretext analysis. This is exactly what the Court cautioned against in Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 660-661 (6th Cir. 2000).

Defendant first argues that Ms. Freeman's order for Plaintiff to leave the premises was reasonable and that he was in essence, "trespassing." (Defendant's memo at 5-6, 7). Reasonable jurors could disagree. Plaintiff had been an employee of the predecessor company for years. Ms. Freeman expected to see him at the plant on February 4, 2002. Her treatment could be viewed by jurors as unreasonable. Absent an ulterior motive, she would have reasonably been expected to help Plaintiff, not tell him to leave.

Defendant accuses Plaintiff of misstating the Magistrate's Report when Plaintiff indicated that the Magistrate acknowledged that "there was evidence supporting the conclusion that Defendant decided not to hire Plaintiff before he attempted to fill out an application, and that as a result, his failure to do so could not have motivated the decision. (R&R at 18-19)" (Defendant's memo at 4). Plaintiff believes he accurately summarized the content of the Magistrate's statement. The issue is whether it was appropriate for the Magistrate to weigh Freeman's statement, isolated or not, and determine that it was insufficient to overcome other evidence presented by Defendant.[1] For the reasons stated in our Objections, we believe it would be more appropriate for a jury to decide the importance of Freeman's statement. If Plaintiff is believed, the result is a finding that

---

[1] It should be noted that Thurman v. Yellow Freight, 90 F.3d 1160 (6th Cir. 1996) cited by the Magistrate at page 20 of the R&R involved a bench trial where the court sat as the trier of fact. Not so here.

3

Plaintiff was denied the opportunity to apply for a job on February 4, 2002. It is undisputed that two Caucasians were hired on the same day Plaintiff was rejected. This fact, together with the pretextual refusal to allow Plaintiff to apply would be sufficient for him to prevail on his race discrimination claim.

### C. There Is A Prima Facie Case Of Disability Discrimination

Plaintiff stands on the arguments presented in his Objections and will not repeat them here. However, Plaintiff wants to address two assertions by Defendant.

First, Defendant makes a short-sighted argument that Plaintiff was not considered for employment or given "preferential consideration" because he was not able "to undergo the scrutiny of being evaluated before being hired." (Defendant's memo at 10). Defendant ignores the fact that Plaintiff was not able to undergo the evaluation or scrutiny because he was not at work due his record of a disability and Defendant's perception that he was disabled. Defendant continues to argue that no one kept Plaintiff from applying prior to February 4, 2002. However, Plaintiff was never told that he needed to be at work for this special consideration. Freeman never told him that he needed to apply before February 4, 2002 in order to be evaluated and considered. If this was such a critical fact, she should have told Plaintiff so when they spoke on January 24, 2001.

Second, Defendant chides Plaintiff for "wasting considerable time on the 100% healed rule" and says that the rule "concerned a different company, and not Defendant." (Defendant's memo at 11). However, as noted in our Objections, Ms. Freeman was acting as Defendant's agent and implementing its hiring policies. Again, she never encouraged Plaintiff to apply for whatever job he could perform that was within his restrictions. Rather,

4

she mentioned that there was no need to apply until he was released to work. Her statement is consistent with Defendant's policy of giving preferential consideration only to active and non-disabled employees.

**V.     CONCLUSION**

As set forth above, and for the reasons previously argued in Plaintiff's Objections and memorandum in opposition to Defendant's motion for summary judgment, Plaintiff requests that the R&R not be adopted by this Court.

Respectfully submitted,

s/ David Torchia
David Torchia – 0015962
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, Ohio 45202
(513) 241-8137
Attorney for Plaintiff
davet@tktlaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been filed electronically and will be served via the court's ECF filing system to Renisa A. Dorner, Esq., Wise & Dorner, Ltd., 151 N. Michigan Street, Suite 333, David Building, Toledo, Ohio 43624 on this 14th day of November, 2005.

s/ David Torchia
David Torchia – 0015962

5